Edwards, J.
On August 19, 1931, J. C. Hunt as trustee under the will of Alexander Wilson, deceased, filed his first and final account and resignation in this court. Among the assets *498 reported by said trustee as being in his possession at that time is a promissory note in the sum of $1403.60 dated April 29, 1930, executed by Lovina White, the cestui que trust, and secured by a chattel mortgage upon two hundred and twenty-five sheep. This investment had been made without authority or sanction of court being first procured.
Notice of the filing of the final account and of the time fixed for hearing the same was duly advertised. No exceptions nor objections were filed thereto and on September 26, 1931 the same was approved and confirmed by this court and the resignation of J. C. Hunt accepted, and on February 17, 1932, D. R. Sidner was duly appointed trustee in his place.
On March 10, 1932 the new trustee accepted the assets, including said note and chattel mortgage, and gave his receipt therefor which is filed with the final account of J. C. Hunt. No exceptions to the final account were filed by the successor trustee, who retained the note and mortgage until June 13, 1933, fifteen months after their receipt when he took judgment upon the note and commenced a proceeding to foreclose the mortgage; soon thereafter the judgment was cancelled and the foreclosure proceedings dismissed in consideration of the cestui que trust surrendering one hundred and eighty sheep, being all that then remained of the original number covered by the mortgage, which were sold by the trustee for the sum of eight hundred dollars.
Intervening the commencement of the suit to foreclose and the sale of the sheep, the successor trustee on March 10, 1934 filed in this court a motion for an order vacating, setting aside and correcting the order made on September 26, 1931 approving the first and final account of the former trustee for the alleged reasons that the investment referred to was illegal and that there was mistake, neglect and omission of this court in approving the same.
The legal questions presented by this motion are:
1. Upon the facts as above stated, and which are undisputed, can the investment be held to be illegal?
*499 2. Was there such mistake or error as to give this court the power to vacate its order made two and one half years before the motion was filed?
Considering these questions briefly and in the order indicated, Section 11214, General Code as in force at the time, specified certain investments in which trust funds were to be invested, such as U. S. Government, State, County and municipal bonds or:
“in such other securities as the court having control of the administration of the trust approves.”
In view of this last general provision, if the trustee, before making the loan in question, had procured an order authorizing the investment no question concerning its legality could be raised. And upon reason and authority the same result obtains where after the investment has been made the court approves the same, as it did in this case when it approved the final account which contained the report of the investment. The approval of the court is of the same legal efficacy whether it precedes or succeeds the act to be affected. Such would seem to be the logical conclusion in analogy with the effect of a principal’s action in either authorizing its agent to do a certain thing or in ratifying the act after its performance. In Re Keane, 160 N. Y. S. 200 the court expresses this thought in this language: “A decree approving testamentary trustee’s account showing an unauthorized investment in stocks is res judicata as to the propriety of the original investment.” Likewise, American Binding Company v. Bank et al., 22 C. C. (N. S.) 177 where the court says: “Where a trustee purchased, with funds in his hands, bonds constituting the highest form of investment known to the law, and the investment is reported in his account, which is confirmed, such confirmation operates as an approval of the investment as though a prior formal order had. been made.”
We therefore conclude that the investment was not illegal. Whether it was prudent is beside the question. Were the court called upon to approve the same or a similar transaction in the present condition of affairs undoubtedly *500 it would not do so but it certainly can not now be held that the order entered three years ago has been rendered illegal purely by economic changes.
Coming to the second question, it is probable that what has been already said renders further discussion mere surplusage, but I do desire to make this brief comment: The mistake or error which the court has power to correct in this sort of proceeding, is a mistake of fact. Mistakes of law must be corrected by appeal or error. There is no mistake of fact in this case. The statement of assets made a part of the final account set forth fully and clearly the investment now objected to. No deception nor fraud are claimed. The mistake, if any there be, was one of law in approving an unauthorized investment; and the order of confirmation and approval having the effect of a judgment at law can not be disturbed in this proceeding.
The fact that under the Probate Code which became effective January 1, 1932 this court now has terms and has the same power to vacate or modify its orders or judgments after as well as during the term, which has been urged in brief, is not cogent for the reason that none of the causes which would empower a Court of Common Pleas to vacate a similar order has been alleged. These causes are enumerated in Section 11631, General Code.
For the reasons set forth the motion is overruled and an entry to that effect will be approved.